# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DWAYNE JOHNSON**
    **Petitioner-Defendant,**

  v.                                         **Case No. 12-C-1208**
                                                **(Criminal Case No. 10-CR-183)**

**UNITED STATES OF AMERICA**
    **Respondent-Plaintiff.**

---

## RULE 4 ORDER

Petitioner Dwayne Johnson moves pursuant to 28 U.S.C. § 2255 to vacate his 15 month sentence for making a false statement to a federally licensed firearms dealer. Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the district court must conduct a preliminary review of a § 2255 motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response . . . .

Rule 4(b), Rules Governing § 2255 Proceedings. I first set forth the background of the case before addressing petitioner's claims.

## I. BACKGROUND

On September 21, 2010, a grand jury handed up an indictment charging petitioner with making false statements to a federally licensed firearms dealer, contrary to 18 U.S.C. § 922(a)(6). Specifically, the indictment alleged that petitioner, in connection with the purchase of a revolver, denied having been convicted of a misdemeanor crime of domestic violence when in fact he had been convicted of battering his ex-wife in 1994. Petitioner appeared on September 27, 2010, and the magistrate judge allowed his release on various conditions, including that he not violate any laws. On October 22, 2010, the probation office petitioned the court for a warrant to act as a detainer following petitioner's arrest in Texas on drug charges. The federal case was thereafter adjourned several times to permit resolution of the Texas charges, on which he remained in custody. On June 1, 2011, the Texas court sentenced petitioner to 4 years in prison, and on August 17, 2011, he appeared in this court pursuant to a writ of habeas corpus ad prosequendum and pleaded guilty to the federal indictment. On February 9, 2012, I sentenced petitioner to 15 months in prison running concurrently with the Texas sentence. He took no appeal and thereafter returned to Texas.

On July 31 and August 1, 2012, petitioner filed letters with the court asking why a detainer had been placed with Texas authorities related to his federal sentence. He seemed to be under the impression that the federal sentence should by that time have been completed. He further noted that Texas authorities had granted him parole as of August 26, 2012. On August 8, 2012, I responded by letter, indicating that the Bureau of Prisons ("BOP"), not the sentencing court, determines issues of sentence credit and execution. I further explained that, ordinarily, a federal sentence ordered to run concurrently with a state sentence does not commence on the same date as the previous state sentence; rather, it commences when it is

imposed. Thus, the fact that he had served 21 months on the state sentence did not mean that the federal term would be completed. I also indicated that the Texas parole grant would not affect the execution of his 15 month federal term.

On September 4, 2012, defendant filed a "Motion for Nunc Pro Tunc Order," seeking an award of 15 months credit. I dismissed the motion on September 6, 2012, noting that the district court generally lacks authority to alter or modify a sentence after its imposition, United States v. Smith, 438 F.3d 796, 799 (7th Cir. 2006); Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000), and that petitioner provided no jurisdictional basis for his request. He cited various Texas state cases, but none provided authority for modifying a federal sentence. Clerical mistakes in a judgment may be noticed and corrected at any time under Fed. R. Crim. P. 36, but petitioner made no claim of error in translating the oral sentence to the judgment, and Rule 36 does not permit substantive changes. See United States v. Becker, 36 F.3d 708, 710 (7th Cir. 1994). Finally, I noted that the BOP, not the sentencing court, determines sentence credit. See United States v. Wilson, 503 U.S. 329, 333-34 (1992). A prisoner dissatisfied with the BOP's credit determination may after exhausting administrative remedies challenge it under 28 U.S.C. § 2241, see, e.g., United States v. McGee, 60 F.3d 1266, 1272 (7th Cir. 1995), but such actions are brought in the district of confinement, not the sentencing court, see, e.g., United States v. Prevatte, 300 F.3d 792, 799 n.2 (7th Cir. 2002).

On November 29, 2012, petitioner filed the instant § 2255 motion alleging that his lawyer provided ineffective assistance of counsel in four respects: (1) failing to object to the court not reducing his guideline range based on the time served on his undischarged term of imprisonment; (2) failing to appeal the court's decision not to apply U.S.S.G. § 5G1.3(b); (3) incorrectly advising him, prior to his plea, that all time served in state custody would be

3

subtracted from the guideline range on his federal sentence; and (4) failing to investigate his criminal history, resulting in a guilty plea and enhanced sentence even though 18 U.S.C. § 921(a)(20) excluded his prior conviction.

## II. DISCUSSION

### A. Ineffective Assistance Standard

In order to establish a claim of ineffective assistance of counsel, petitioner must show that his attorney's performance was objectively deficient, and that he was prejudiced by the sub-par representation. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The court's review of a lawyer's performance is highly deferential, reflecting a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 689. In order to establish prejudice, petitioner must show that there is a reasonable probability that but for his counsel's mistakes the result of the proceedings would have been different. Id. at 694.

### B. Petitioner's Claims

#### 1. Reduction for Time Served

Petitioner first alleges: "Although this movant was serving an undischarged term of imprisonment at the time of his federal sentencing (concerning criminal conduct used to determine his federal sentence) sentencing counsel failed to object to the court not reducing movant's sentencing guidelines." (Motion at 5.) This claim is based on the incorrect assumption that petitioner was entitled to a reduction in his guideline range based on time served on the Texas sentence. Under U.S.S.G. § 5G1.3:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after

4

sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Section 5G1.3(c) applied in petitioner's case (PSR ¶ 67), and that provision, unlike § 5G1.3(b), does not authorize an adjustment for time-served on an undischarged term of imprisonment. U.S.S.G. § 5G1.3 cmt. n.3(E). Just because the Texas sentence scored criminal history points – and thus contributed to an increase in petitioner's guideline range – did not mean that § 5G1.3(b) applied. The Texas sentence did not result from relevant conduct that formed the basis for an increase in the offense level for the instant offense; thus, an argument for an adjustment under U.S.S.G. § 5G1.3(b) would have failed. See Stone v. Farley, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial

5

or on appeal, does not constitute ineffective assistance of counsel.").[1]

## 2. Notice of Appeal

Petitioner next alleges: "Following sentencing movant immediately asked counsel to appeal the court's decision not to apply U.S.S.G. § 5G1.3(b), however, counsel failed to file any notice of appeal which deprived movant of his right to appeal and have the court's judgment corrected." (Motion at 5.) As explained above, an argument based on § 5G1.3(b) would have gone nowhere, in this court or the court of appeals. I also note that petitioner's claim that he told his lawyer to appeal on this basis seems contrary to the suggestion in his post-sentencing submissions that he believed he would receive credit for time served in Texas. Nevertheless, because a lawyer provides ineffective assistance by failing to file a notice of appeal on his client's request, without regard to the probability of success on appeal, Castellanos v. United States, 26 F.3d 717, 719 (7th Cir. 1994); see also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000), I will direct the government to respond to this claim.

---

[1]Petitioner phrases this claim in terms of a reduction to his guideline range. He does not argue that counsel provided ineffective assistance in failing to seek a downward departure under application note 3(E) or "credit" for time served under 18 U.S.C. § 3553(a). In any event, I note that at the time I sentenced petitioner it appeared that a 15 month federal sentence would be subsumed by the 4 year state term. It was only later that Texas authorities decided to grant petitioner parole after he had served less than ½ of that term, and petitioner does not allege that counsel provide ineffective assistance in failing to predict this parole grant. In deciding to impose a concurrent sentence in this case I took into account the length of the Texas term, finding a total 4 year term sufficient to satisfy the purposes of sentencing. In making this determination, I noted that if, hypothetically, the drug and firearm offenses had both been prosecuted federally, a sentence of about 4 years would have been supported by the guidelines. (Statement of Reasons at 4.) Under these circumstances, there is no reasonable probability, even if counsel had sought "credit" for time served on the Texas sentence, under U.S.S.G. § 5G1.3 or 18 U.S.C. § 3553(a), that I would have imposed a lower sentence. Indeed, the government recommended consecutive time.

6

### 3. Guilty Plea

Petitioner next contends that his plea was obtained in violation of the Due Process Clause, stating: "Movant's plea was not a knowing and intelligent plea where counsel informed him that all time spent in state custody prior to federal sentencing would be subtracted from his guideline range, yet wasn't." (Motion at 5.) Where a defendant enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice fell within the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 56 (1985). In order to show prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Id. at 59.

The Seventh Circuit has held that a lawyer's inaccurate prediction about his client's sentence does not constitute ineffective assistance of counsel. United States v. Fuller, 312 F.3d 287, 293 (7th Cir. 2002). Further, in this case I advised petitioner during the plea colloquy that the sentencing guidelines were not binding, that I could impose any sentence within the statutory limits, and that he would not be able to withdraw his plea based on dissatisfaction with the sentence; petitioner assured me that he understood. (Plea Hr'g Tr. [R. 37] at 4.) He further stated that no one had made any promises to induce him to plead guilty. (Id. at 4-5.) Petitioner's plea agreement, which he assured me he had read and understood (id. at 4), contained similar admonitions, in addition to advising petitioner that the government would recommend a sentence consecutive to the 2011 Texas term (Plea Agreement [R. 20] at 5-6.) Thus, petitioner could not have entered his plea in reliance on any misinformation counsel may have provided about credit for time on the Texas sentence. See United States v. Rice, 116 F.3d 267, 269 (7th Cir. 1997) (holding that the defendant could not establish prejudice on the

7

basis of counsel's incorrect advice where the trial judge warned him not to harbor any expectation about sentence). Finally, petitioner does not even allege that he would not have pleaded guilty absent counsel's representations about sentence credit. See United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir. 1990) ("A mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice. Arvanitis, however, does not even make this allegation[.]") (internal citation omitted).

### 4. Prior Conviction

Finally, petitioner alleges: "Prior to advising movant to plead guilty, and at sentencing, counsel failed to investigate movant's criminal history. This resulted in a guilty plea and enhanced sentence though 18 U.S.C. § 921(a)(20) excluded movant's prior conviction." (Motion at 6.) Section 921(a)(20) defines the term "crime punishable by imprisonment for a term exceeding one year" for purposes of the firearms chapter in the U.S. Code. The statute does preclude the use of certain convictions as predicates for a felon in possession charge under 18 U.S.C. § 922(g), or an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). However, petitioner was not charged as a felon in possession; nor was he sentenced under the ACCA. He provides no explanation as to how § 921(a)(20) applies in his case. Petitioner's PSR listed three prior convictions: a 1994 battery case, which did not score criminal history points (PSR ¶ 27); a 2001 theft case, which scored 1 point (PSR ¶ 28); and the 2011 Texas drug case, which scored 3 points (PSR ¶ 29). It is unclear how § 921(a)(20) relates to any of these convictions, or to the charge to which petitioner pleaded guilty. Absent some showing of how counsel's alleged failure to investigate impacted the result, the claim fails. See United States v. Farr, 297 F.3d 651, 658-59 (7th Cir. 2002) (stating that the defendant bears the burden of supplying sufficiently precise information regarding the

8

evidence that would have been obtained had his counsel undertaken the desired investigation and of showing whether such information would have produced a different result).

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's first, third, and fourth claims are **DENIED**. The government shall file a response to petitioner's second claim on or before **January 14, 2013**. The court will address further proceedings in the case after reviewing the government's response.

Dated at Milwaukee, Wisconsin this 14th day of December, 2012.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge